# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**REGINALD THOMPSON,**
**# 1894908,**

    Plaintiff,

vs.                              Case No. 4:22cv247-AW-MAF

**SIXTH JUDICIAL CIRCUIT OF FLORIDA,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a pro se inmate detained in the Pinellas County Jail. He initiated this case on July 8, 2022, by submitting a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1. In August 2022, Plaintiff was granted leave to proceed in forma pauperis, ECF No. 9, and required to pay an initial partial filing fee. He has done so. ECF Nos. 10, 12.

Plaintiff has also filed an amended civil rights complaint. ECF No. 7. The amended complaint has been reviewed as is required by 28 U.S.C. § 1915A(a) to determine whether service should be directed or the case dismissed. 28 U.S.C. § 1915A(b).

In general, review of Plaintiff's amended complaint indicates he seeks to challenge his pretrial detention. He contends he has been undergoing an "illegal process" after his bond was revoked on February 20, 2020, in violation of his Sixth Amendment right. ECF No. 7 at 5. He claims he has not agreed "to be a court official or informant" but is forced to perform duties without pay in violation of the Fourteenth Amendment. *Id.* at 5-6. As relief, Plaintiff seeks to be released, to be reimbursed, and to receive "actual damages" of "one hundred million dollars." *Id.* at 7.

Plaintiff's amended complaint is insufficient to proceed. The claims are vague and conclusory, and Plaintiff has not identified a specific person who has allegedly violated his constitutional rights. Any challenge to the revocation of bond must be brought within his criminal case and not through the filing of a separate civil case. Moreover, determinations concerning bond or release are made by state court judges after considering the particular circumstances of the criminal case. Plaintiff cannot sue the judge in federal court to challenge such rulings because a judge has "absolute immunity" from suit. Stevens v. Osuna, 877 F.3d 1293, 1301 (11th Cir. 2017). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for

acts committed within their judicial jurisdiction." <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 199, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985) (quoted in <u>Stevens</u>, 877 F.3d at 1301). "The immunity applies even when the judge's conduct 'was in error, was done maliciously, or was in excess of his authority . . . .'" <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (quoted in <u>Stevens</u>, 877 F.3d at 1301). Plaintiff cannot bring this civil rights action to sue for the revocation of his bond.

Plaintiff also cannot obtain release through the filing of a civil rights case. Release from detention may only be granted through the filing of a petition for writ of habeas corpus because habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." <u>Heck v. Humphrey</u>, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994).

To the degree Plaintiff otherwise seeks to litigate this case because he claims he is forced to be "a court official or informant," that claim is also insufficient. Plaintiff has not identified a specific person who has violated his constitutional rights, nor has he clearly alleged facts which support that conclusory assertion.

Case No. 4:22cv247-AW-MAF

Furthermore, the Sixth Judicial Circuit is the only named Defendant, and no claim is presented which demonstrates a basis to sue the Circuit. Plaintiff has not challenged a policy or procedure created, utilized, or otherwise enforced that violates his constitutional rights. The amended complaint fails to state a claim as to the only Defendant named.

It does not appear that providing additional opportunities for Plaintiff to submit another amended complaint would be beneficial. No plausible claims can be discerned from Plaintiff's original complaint or his amended complaint. This case should be summarily dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note

on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2022.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**